# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SIDNEY R. IILAND,

                Petitioner,                 CIVIL CASE NO. 07-12008

v.                                         HONORABLE PAUL V. GADOLA

FEDERAL BUREAU OF PRISONS, et al.,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO ALTER
## OR AMEND JUDGMENT PURSUANT TO F. R. CIV. P. 59(e)

Petitioner Sidney R. Iiland is a federal inmate incarcerated at the Federal Correctional Facility in Milan, Michigan. He filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' (BOP) regulations and policies which limit the placement of federal prisoners in community corrections centers. On June 11, 2007, the Court summarily dismissed the petition without prejudice because Petitioner failed to exhaust administrative remedies prior to filing the petition. Now before the Court is Petitioner's "Motion to Alter or Amend Judgment Pursuant to F. R. Civ. P. 59(e)."

Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw*

*Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.* (*quoting Keweenaw Bay*, 904 F. Supp. at 1141).

Petitioner argues that relief should be granted under 59(e) because a prisoner is not required to plead exhaustion of administrative remedies on prison condition claims as exhaustion is an affirmative defense under the Prison Litigation Reform Act of 1995. 42 U.S.C. § 1997e(a). Petitioner is correct that failure to exhaust is an affirmative defense under the PLRA and, consequently, prisoners are not required to plead exhaustion in a complaint challenging prison conditions. *Jones v. Bock*, __ U.S. __, 127 S. Ct. 910, 918-19 (2007). However, Petitioner did not file a civil rights complaint challenging a condition of his confinement. Instead, he filed a habeas corpus petition. Therefore, *Jones v. Bock*, which addresses the exhaustion requirement regarding prison grievances under the PLRA, is inapposite. *See Abdullah v. Minnesota*, 2008 WL 283693, at *2 (8th Cir. Feb. 04, 2008) (finding that *Jones v. Bock* did not extend its holding regarding exhaustion to habeas cases).

According, **IT IS ORDERED** that Petitioner's "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" [docket entry #6] is **DENIED**.

    **SO ORDERED.**

Dated:  February 25, 2008                               s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

| Certificate of Service |
|---|
| I hereby certify that on   <u>February 28, 2008</u>  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:<br><br>  <u>                                   </u>,<br>and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   <u>     Sidney Iiland     </u>.<br><br><br>                                                     <u>s/Ruth A. Brissaud</u><br>                                                    Ruth A. Brissaud, Case Manager<br>                                                    (810) 341-7845 |